# OCTOBER TERM, 1884. 411

O'Brien v. The Chicago, Milwaukee & St. Paul Railway Company.

O'BRIEN v. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

1. **Pleading**: PETITION ON ACCOUNT: ATTACHING COPY: DEMURRER. In an action upon an account for work done, where it did not appear from the petition that the cause of action necessarily embraced separate items, a demurrer to the petition, on the ground that the items of the account sued on were not set out in the petition, nor a copy thereof attached thereto, was properly overruled.

*Appeal from Dallas Circuit Court.*

TUESDAY, OCTOBER 7.

THIS action was originally commenced before a justice of the peace, by a petition in which the plaintiff claimed fourteen dollars and twenty-five cents "for services performed for the defendant." A demurrer to the petition was overruled by the justice of the peace. The defendant applied to the circuit court for a writ of error. The writ was denied, and the judgment of the justice was affirmed. Defendant appeals.

*Davis & Brooks*, for appellant.

*Cardell* and *Shortly*, for appellee.

ROTHROCK, CH. J.—The petition of which complaint was made by defendant, omitting the formal parts, is as follows:

"That the defendant is justly indebted to him (plaintiff) in the sum of fourteen dollars and twenty-five cents for services performed for defendant, (at its verbal request, with its knowledge and consent, and not under written contract,) in putting up stock-yards during the month of February, 1882, at Davis Junction and Tucker Siding, in Illinois.

"That said sum is now due and unpaid. Wherefore, plaintiff asks for judgment against defendant for fourteen dollars and twenty-five cents, and costs."

The demurrer was to the effect that the petition on its face shows that the cause of action is brought on an account, and the items thereof, are not set out in the petition, nor a copy thereof attached thereto.

We think the cause of action does not necessarily embrace separate items of account.   Under this petition, it would have been perfectly competent for the plaintiff to prove that he built the stock yards for the defendant at its request, and that the labor expended thereon was reasonably worth fourteen dollars and twenty-five cents.   It was not necessary for him to prove any separate items.   He could establish the allegations of the petition without that, and by proving the value of the work he did as a whole.

Some question is made about the certificate of the judge authorizing the appeal.   There is some doubt as to the question made, growing out of an agreement of counsel, and, by reason thereof, we have thought it better to dispose of the case on its merits.

AFFIRMED.